O

# United States District Court
# Central District of California

| | |
|---|---|
| JOEL SOILEAU,<br>Plaintiff,<br>v.<br>SPACE EXPLORATION TECHNOLOGIES CORP.,<br>Defendant. | Case № 2:26-cv-05626-ODW (Ex)<br>**ORDER GRANTING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT [21]** |

## I. INTRODUCTION

Plaintiff Joel Soileau, proceeding pro se, brings this action against Defendant Space Exploration Technologies Corp. ("SpaceX").[1] (Decl. Leilani E. Jones ISO Notice Removal Ex. 1 ("*Soileau Three* Compl."), Dkt. No. 1-2.) SpaceX now moves

[1] Soileau has brought the following four civil lawsuits against SpaceX: (1) "***Soileau One***" or "S1"—*Soileau v. Space Exploration Techs. Inc.*, No. 2:24-cv-06397-ODW (Ex), (C.D. Cal.), originally filed in California state court as *Soileau v. Space Exploration Technologies Corp.*, No. 24TRCV02068 (Cal. Super. Ct. filed Jun. 20, 2024); (2) "***Soileau Two***" or "S2"—*Soileau v. Space Exploration Techs. Inc.*, No. 24STLC04505 (Cal. Super. Ct. filed Jun. 24, 2024); (3) "***Soileau Three***" or "S3"—*Soileau v. Space Exploration Techs. Inc.*, No. 2:26-cv-05626-ODW (Ex) (C.D. Cal.), this action, originally filed in California state court as *Soileau v. Space Exploration Technologies Corp.*, No. 26TRCV01447 (Cal. Super. Ct. filed Apr. 21, 2026); and (4) "***Soileau Four***" or "S4"—*Soileau v. Space Exploration Techs. Inc.*, No. 2:26-cv-06295-ODW (Ex) (C.D. Cal.), originally filed in California state court as *Soileau v. Space Exploration Technologies Corp.*, No. 26TRCV01610 (Cal. Super. Ct. filed May 6, 2026).

for an order declaring Soileau a vexatious litigant and imposing a prefiling order. (Mot. Vexatious ("Motion" or "Mot.") 2, Dkt. No. 21.) For the following reasons, the Court **GRANTS** the Motion.[2]

## II. REQUEST FOR JUDICIAL NOTICE

Soileau has filed multiple lawsuits against SpaceX. SpaceX requests the Court take judicial notice of various federal and state court documents related to these actions.[3]

A court may take judicial notice of a fact that "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, the Court may take judicial notice of court orders and matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings and other court documents). Accordingly, the Court **GRANTS** SpaceX's request and takes judicial notice of these particular court documents, but not the truth of the facts contained therein. *See Lee v. City of Los*

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[3] (Req. Judicial Notice ("RJN") Ex. 1 ("*Soileau One* Compl."), Dkt. No. 21-4; RJN Ex. 2 ("*Soileau Two* Compl."), Dkt. No. 21-5; RJN Ex. 4 ("*Soileau One* Compel Arb. Order"), Dkt. No. 21-7; RJN Ex. 5 ("*Soileau Two* Compel Arb. Order"), Dkt. No. 21-8; RJN Ex. 8 ("*Soileau One* and *Soileau Two* Arb. Consol." or "Arb. Consol."), Dkt. No. 21-11; RJN Ex. 9 ("*Soileau Two* Pet. Confirm Arb. Award"), Dkt. No. 21-12; RJN Ex. 11 ("*Soileau Two* MO Den. Pl. First Mot. Sanctions"), Dkt. No. 21-14; RJN Ex. 12 ("*Soileau One* J. Confirm. Arb. Award"), Dkt. No. 21-15; RJN Ex. 13 ("*Soileau Two* J. Confirm. Arb. Award"), Dkt. No. 21-16; RJN Ex. 14 ("*Soileau Two* MO Den. Pl. Second Mot. Sanctions"), Dkt. No. 21-17; RJN Ex. 15 ("Vega Restraining Order Request ('RO')"), Dkt. No. 21-18; RJN Ex. 16 ("Travers RO"), Dkt. No. 21-19; RJN Ex. 17 ("Jassy RO"), Dkt. No. 21-20; RJN Ex. 18 ("Rivera RO"), Dkt. No. 21-21; RJN Ex. 19 ("Manso RO"), Dkt. No. 21-22; RJN Ex. 20 ("Patton RO"), Dkt. No. 21-23; RJN Ex. 21 ("Vega Dismissal"), Dkt. No. 21-24; RJN Ex. 22 ("Travers Dismissal"), Dkt. No. 21-25; RJN Ex. 23 ("Jassy Dismissal"), Dkt. No. 21-26; RJN Ex. 24 ("Rivera Dismissal"), Dkt. No. 21-27; RJN Ex. 25 ("Manso Dismissal"), Dkt. No. 21-28; RJN Ex. 26 ("Patton Dismissal"), Dkt. No. 21-29; RJN Ex. 28 ("*Soileau Four* Compl."), Dkt. No. 21-31.)

*Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (discussing how courts cannot take judicial notice of another court's opinion for the truth of the facts recited therein).

## III. BACKGROUND

SpaceX employed Soileau between 2022 and 2023. (*Soileau Three* Compl. ¶¶ 2–17.) In the two-year period since SpaceX terminated him, Soileau has brought at least ten actions against SpaceX and associated individuals, including the four lawsuits and six requests for civil restraining orders described below. (Mot. 1.)

On June 20, 2024, Soileau filed suit in California state court and asserted an intentional tort claim. (*Soileau One* Compl. ¶ 1.) Soon after, on June 24, 2024, Soileau filed another suit in California state court asserting another intentional tort claim. (*Soileau Two* Compl. ¶ 1.) SpaceX compelled both cases to arbitration. (*Soileau One* Compel Arb. Order 11; *Soileau Two* Compel Arb. Order 2.) The arbitrator consolidated the two cases and later granted SpaceX's motion to dismiss. (Arb. Consol. 1; Pet. Confirm Arb. Award Ex. 8(c) 5.) SpaceX moved to confirm the arbitration award in both cases, and in April 2026, this Court and the state court both confirmed the arbitration award and entered judgment in favor of SpaceX. (*Soileau One* J. Confirm. Arb. Award 1; *Soileau Two* J. Confirm Arb. Award 2.)

On April 10, 2026, Soileau changed litigation tactics. Soileau filed six different restraining orders against "SpaceX, a SpaceX finance department employee, its counsel Littler Medelson, P.C., and firm staff members." (Mot. 1; Vega RO; Travers RO; Jassy RO; Rivera RO; Manso RO; Patton RO.) These restraining order requests alleged serious conduct like sexual assault, extortion, and human trafficking. (*See, e.g.*, Vega RO 9; Patton RO 9.) Nevertheless, Soileau failed to appear at a May 4, 2026 hearing on five of the restraining order requests, and the court dismissed those five requests for lack of prosecution. (Vega Dismissal 1; Travers Dismissal 1; Jassy Dismissal 1; Rivera Dismissal 1; Manso Dismissal 1.) Soileau also failed to appear at a June 8, 2026 hearing on the Patton restraining order request, and the court dismissed the request for lack of prosecution. (Patton Dismissal 1.)

Soileau kept filing lawsuits during the pendency of the restraining order requests. On April 21, 2026, Soileau filed suit against SpaceX in California state court and alleged identity theft, breach of the implied covenant of good faith and fair dealing, promissory fraud, conversion, and sexual harassment. (*Soileau Three* Compl. ¶¶ 329–441.) Lastly, on May 6, 2026, Soileau filed suit against SpaceX in California state court and alleged violations of the Unruh Act, wrongful discharge in violation of public policy, human trafficking, and false imprisonment. (*Soileau Four* Compl. ¶¶ 321–87.) This Court struck each cause of action in *Soileau Three* and *Soileau Four* pursuant to California's anti-SLAPP statute, and entered judgment against Soileau. (Omnibus Order, Dkt. No. 57.)

On July 1, 2026, SpaceX moved in this action, *Soileau Three*, for an order declaring Soileau a vexatious litigant and imposing a prefiling order. (Mot. 2.)

## IV. LEGAL STANDARD

"Federal courts can regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)) (citation modified). "Pursuant to the All Writs Act, enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction that courts may impose." *Id.* (citation modified). However, "[r]estricting access to the courts is . . . a serious matter . . . [as] the right of access to the courts is a fundamental right protected by the Constitution." *Id.* (citing *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998)) (citation modified).

Accordingly, "[o]ut of regard for the constitutional underpinnings of the right to court access, pre-filing orders should rarely be filed, and only if courts comply with certain procedural and substantive requirements." *Id.* at 1062 (citing *De Long*, 912 F.2d at 1147) (citation modified). Thus, before imposing pre-filing restrictions, courts must (1) give litigants notice and "an opportunity to oppose the order before it

[is] entered"; (2) compile an adequate record for appellate review, including a "listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Id.* (citing *De Long*, 912 F.2d at 1147–48).

## V. DISCUSSION

For the following reasons, the Court finds that Soileau is a vexatious litigant, enters a pre-filing order against him, and requires him to post a security.

### A. Notice and Opportunity to be Heard

First, the Ninth Circuit requires that courts provide potential vexatious litigants with notice and an opportunity to be heard. *Id.* Here, SpaceX filed and served Soileau with the motion to declare Soileau a vexatious litigant. (Mot.) Soileau then had an opportunity to respond, and indeed did respond. (Opp'n Mot., Dkt. No. 33.) As Soileau received notice of the motion to deem him a vexatious litigant and responded to the motion, the first *De Long* factor has been met. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058–59 (9th Cir. 2007).

### B. Adequate Record for Review

Second, the Ninth Circuit requires that courts "list[] all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. In Section III above, the Court lists the ten cases that Soileau has filed which have led the Court to conclude a vexatious order is warranted here. The Court further discusses them below as part of the Court's substantive findings of frivolousness and harassment. The second *De Long* factor has been met. *See Molski*, 500 F.3d at 1059 (holding the district court compiled a record adequate for review when it outlined and discussed "many," but not all, of the vexatious litigant's actions).

### C. Substantive Findings of Frivolousness or Harassment

Third, the Ninth Circuit requires courts make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148.

"To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Ringgold-Lockhart*, 761 F.3d at 1064 (citation modified). Specifically, courts must not only find that "the number of complaints was inordinate," but also find that the complaints were "patently without merit." *Id.* While the Ninth Circuit has "not established a numerical definition for frivolousness," courts still must "make a finding that the number of complaints was inordinate." *Id.*

As an initial matter, the Court finds that Soileau has filed an inordinate number of actions within the relevant time period. Soileau has filed at least ten actions against SpaceX and associated individuals in approximately the last two years. At least one court in this district has declared a party vexatious for filing fewer actions. *See, e.g.*, *Schneider v. Roberts*, No. 2:14-cv-01668-UA-DUTY, 2014 WL 1891416, at *6–7 (C.D. Cal. May 9, 2014) (finding four meritless removal requests and two bankruptcy petitions sufficient to deem the party's filings duplicative, frivolous, and harassing).

Soileau also repeatedly relitigates decided issues without a basis in fact. For example, after the California state court granted SpaceX's petition to confirm the arbitration award in *Soileau Two*, Soileau filed a motion for sanctions against SpaceX. (*Soileau Two* MO Den. Pl. First Mot. Sanctions 2.) The court found that Soileau "submit[ted] insufficient evidence" to support his sanctions motion, "fail[ed] to demonstrate any sanctionable conduct," and submitted "broad and conclusory allegations" with "cursory accusations." (*Id.* at 4–5.) After Soileau filed a second motion for sanctions in the same case, the court described his filing as "nothing more than conclusive disagreement over legal interpretation, unfounded accusation, and re-argument over concluded issues." (*Soileau Two* MO Den. Pl. Second Mot. Sanctions 9.) The court warned Soileau that "[a]ny relief sought . . . will not be retroactively obtained through repeated sanctions motions and follow-up motions for reconsideration to denied motions." (*Id.*) In each of Soileau's ten actions, a court

ultimately resolved every claim against Soileau. Soileau's failed repetitive litigation is further evidence that his multitude of claims lack merit.

Moreover, based upon the record before this Court, Soileau often did not actively participate in his own litigation. For example, Soileau filed six largely identical requests for restraining orders that alleged serious conduct. (*See generally* Vega RO; Travers RO; Jassy RO; Rivera RO; Manso RO; Patton RO.) A California state court then scheduled two hearings for Soileau to be heard on his requests. (Vega Dismissal 1; Travers Dismissal 1; Jassy Dismissal 1; Rivera Dismissal 1; Manso Dismissal 1; Patton Dismissal 1.) Soileau failed to appear at either scheduled hearing, failed to file proof of service in at least five of the cases, and the California state court dismissed all six requests for lack of prosecution. (*Id.*) Soileau wasted the time of the respondents, their attorneys, the California state court, and its staff by requesting hearings at which he did not appear. As such, the Court finds that Soileau's failure to make any appearance at the restraining order hearings—as well as the outlandish, copy-and-paste nature of the specious allegations in his requests—is further evidence that such requests were meritless, frivolous, and harassing.

Based on the inordinate number of filings and their frivolous nature, the Court is persuaded to issue a pre-filing order to deter Soileau's behavior. The third *De Long* factor has been met.

**D. Narrow Tailoring**

Finally, the Ninth Circuit requires any pre-filing restriction order "be narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148. SpaceX seeks a prefiling order that requires Soileau "to obtain written authorization from a Judge or Magistrate Judge of this Court before he files any further actions against the Protected Parties involving claims related to or arising out of [Soileau's] former employment or prior litigations between [Soileau] and the Protected Parties." (Mot. 2.) SpaceX defines "Protected Parties" as "SpaceX and each of its respective employees, directors, attorneys, officers, or partners." (*Id.*)

The Court finds that the proposed prefiling order is as narrowly tailored as possible to deter Soileau's frivolous and harassing litigation against SpaceX and associated individuals, while also permitting any potentially meritorious future claims that Soileau may have. Specifically, the proposed prefiling order is tailored to Soileau's filings only against SpaceX and its employees, directors, attorneys, officers, and partners, and is essentially limited to the current subject matters of Soileau's existing filings described herein.

**E. Security**

"[T]he federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). Local Rule 83-8.2 states that a court can "order a party to give security in such amount . . . to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant." Courts balance several factors when assessing whether to require a plaintiff to post a security, including: (1) whether the litigation has "the appearance of vexatiousness"; (2) "the degree of probability/improbability of success on the merits, and the background and purpose of the suit"; (3) "the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective"; and (4) "the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *A. Farber & Partners, Inc. v. Garber*, 417 F. Supp. 2d 1143, 1146 (C.D. Cal. 2006) (quoting *Simulnet E. Assocs.*, 37 F.3d at 575–76).

Here, the Court already found that Soileau's litigation against SpaceX is vexatious and meritless. In addition, SpaceX has so far moved in *Soileau Three* and *Soileau Four* to tax approximately $1,350 in costs against Soileau. Further, the filing fees Soileau has expended in filing the ten frivolous lawsuits against SpaceX total more than $4,000. Based on these figures, the Court determines that a security of $3,000 in this case is appropriate to secure the payment of any costs, sanctions, or other amounts that may be awarded against Soileau. C.D. Cal. L.R. 83-8.2. Such a

security will protect the costs SpaceX has already incurred, but will not be unreasonable from Soileau's perspective and in relation to those costs. The Court will require Soileau to post a security of $3,000 within fifteen days of entry of this order, or face additional monetary sanctions.

## VI. CONCLUSION

For the reasons discussed above, the Court **GRANTS** SpaceX's Motion to Declare Plaintiff a Vexatious Litigant. (Dkt. No. 21.) The Court **ORDERS** as follows:

- Having made the requisite findings under Local Rule 83-8.3, the Court **DECLARES** Joel Soileau a vexatious litigant. Soileau must obtain leave of the Court, the Chief Judge, or the Chief Judge's designee before initiating any original action in the Central District of California against SpaceX or its employees, directors, attorneys, officers, or partners that assert any conspiracies or issues raised in the ten previous actions discussed above, and in particular concerning his employment with SpaceX and the subsequent related litigation listed herein. Any motion for leave to file an original action must include a copy of this order, a copy of the Court's Omnibus Order Granting SpaceX's anti-SLAPP motion, and be supported by a declaration explaining why the action is not frivolous, duplicative, or abusive. If the Court, the Chief Judge, or the Chief Judge's designee determines that the new action is either frivolous or abusive, the motion will be denied and the proposed original action will be rejected.
- The Court **ORDERS** Soileau to post a security of $3,000 with the Clerk's office within **fifteen (15) days** of entry of this Order. Failure to timely comply with this requirement will result in additional monetary sanctions of $100 per week until Soileau complies, subject to the Court imposing increasing amounts for any persisting delay by Soileau.

- The Court **ORDERS** that SpaceX and its employees, directors, attorneys, officers, or partners need not respond to any further lawsuit or filings by Soileau in the Central District of California, unless and until it is decided whether the lawsuit falls within the scope of this Order.

**IT IS SO ORDERED.**

November 2, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**